## Catharine Hambright's Estate.  Appeal of E. J. Ryder, Committee of Catharine Hambright, a lunatic.

*Decedents' estates—Distribution—Lunatic widow.*

A husband of ample means left to his wife merely the interest on a small sum of money for her life.  A few days after the husband's death the wife was duly found by inquisition to be a lunatic and a committee appointed.  Proceedings were instituted to have the inquisition traversed, and, in the meantime an attempt was made by the wife's relatives to compel the committee to elect to take against the will.  Pending the proceedings, the legatees obtained $1,000 from the executor and advanced it to the committee, to be used for the comfortable support of the widow.  Subsequently the committee elected to take against the will.  *Held*, that the share of the widow in the final distribution should be charged with the $1,000 advanced to the committee.

Argued May 22, 1895.  Appeal, No. 366, Jan. T., 1895, by E. J. Ryder, Committee of Catharine Hambright, a lunatic, from decree of O. C. Lancaster Co., overruling exceptions to auditor's report.  Before STERRETT, C. J., WILLIAMS, MITCH-ELL, DEAN and FELL, JJ.  Affirmed.

Exceptions to auditor's report.

The auditor, L. ELLMAKER, Esq., reported the facts to be as follows:

"Under the will of Henry A. Hambright there was given Catharine Hambright, the widow, only the interest of $3,400 four per cent U. S. consols for life; all the rest of his estate was bequeathed to his own relatives, with the slight exception of a sword to the Linnæan Society.  Mr. Hambright had, however bought the property on North Prince street, Lancaster city, in which they lived, and had the deed therefor made direct to his wife.

"Mrs. Catharine Hambright, the widow, had become unable to take care of herself, and was, a few days after her husband's death, duly found by inquisition held to be a lunatic, and to have been so for more than a year past, and without lucid intervals.  She was seventy-seven years old and had no means of support except the interest on the $3,400 above mentioned.

"Her only relatives were two aged brothers, an aged sister,

a nephew, not heard of for years, and a married niece living in the state of Iowa.

" On the 27th day of February, 1893, the court of common pleas of Lancaster county appointed Elam J. Ryder committee of Mrs. Catharine Hambright. Soon after this an attempt was made to have the proceedings in lunacy revoked, but this failed ; the inquisition was then traversed and an issue was awarded, which is yet pending.

" For many months there was uncertainty as to whether or not the will of Henry A. Hambright would be carried out. Mrs. Hambright's relations naturally trying to have her take against it, and his legatees just as anxious to have the will carried out as made.

" During this time there were no moneys available for Mrs. Hambright's support except the interest on $3,400 above mentioned. The heirs and legatees of Henry A. Hambright made different propositions, and were willing to have the executors pay over to E. J. Ryder, the committee, $25,000, or whatever their combined shares in the estate might amount to, to be held by him, and the interest and, if needed, so much of the principal as might be required, used for her comfortable maintenance and support during her life, and at her death the said sum, or what might remain of it, to be distributed among said heirs and legatees in the same proportions as was provided in the will of said H. A. Hambright. On April 18, 1893, during these contentions and consultations whether or no Mrs. Hambright would take against the will, the executors gave G. C. Kennedy, as attorney in fact for nearly all the legatees of Henry A. Hambright a check for $1,000. This check he immediately indorsed over to E. J. Ryder, committee of Mrs. Hambright, who testified that he used the money for the support of Mrs. Catharine Hambright. Mr. Sener, one of the executors, testified relative to this check, that the executors knew Mrs. Hambright had no means of support, and that the heirs wanted her to be well taken care of during her life out of the estate, and were willing to give her committee the interest or some of the principal of $20,000, or $25,000, provided she (the widow) took under the will, and that in pursuance of these conversations with some of the heirs, Mr. Kennedy got the power of attorney on which the executors paid him the $1,000, which was turned

over to the committee of Mrs. Hambright for her support. There is no doubt this money was so used and was much needed for that purpose at the time it was given. Now that the committee of Mrs. Hambright has been allowed to claim against the will of Henry A. Hambright, thus getting one half the estate under the intestate laws, the question is, shall this $1,000 be deducted from the shares of the legatees to whose attorney in fact it was paid by the executors, or shall it be deducted from the share of the widow to whose committee it was immediately paid over and for whose support and maintenance it was used?

"Mr. Hensel, attorney for Mrs. Hambright, claims that this $1,000, given Kennedy by the executors, and by him to the committee of Mrs. Hambright, was a gift of the heirs and legatees represented by Kennedy, to Mrs. Hambright, and should be charged against their shares of this estate.

"Mr. Eshleman, for the legatees, claims that this money was merely for the support of the widow, who was destitute, pending litigation over the will, and was so used, and should be deducted from the widow's share of the estate.

"The question is a difficult one to decide. As a mere abstract question of law the position of the widow's attorney is correct, but the orphans' court is a court of equity, and an auditor appointed by it must be governed thereby. All the evidence shows that Mrs. Hambright was in need, and her committee had no funds for her support. The legatees were all the nearest relatives of Col. Hambright, and though anxious his will should be carried out, so that the money he had saved would go to his own relations, yet desired that the widow, in her helpless condition, should have every comfort. Many conversations were had between some of the principal legatees, and the representative of others, and the executors, relative to what should be done for the necessities of Mrs. Hambright, but all propositions made by the legatees were predicated on allowing the will to stand in its entirety and her taking under it; so that the effect would be that no matter what provision they made for her during her life, at her death the whole remaining fund would be divided among them, while if she took against the will they (the legatees) would get but half the estate, and all that remained of the other half would then go to Mrs. Hambright's relations. Your auditor is forced to the con-

clusion that this $1,000 was merely provided for the purpose of Mrs. Hambright's support, in her need, while litigation was pending.

" The executors were in such a position they could not give her committee any money with safety, and to protect them in giving him, the committee, the much needed funds the receipt of the legatees' attorney in fact was given them.    This money was used for Mrs. Hambright's support entirely; and her committee has since claimed half the estate for her benefit.    Your auditor is of the opinion, all moneys used for her support and maintenance should, now she gets half the estate by claiming against the will, come off her share of the same; he will accordingly deduct this sum of $1,000 from the half of the estate awarded to E. J. Ryder, committee of Catharine Hambright. This share must also be charged with the interest on government bonds paid to her committee from time to time, in all $204, also, $100 paid him on Aug. 1, 1894."

Exceptions to the auditor's report were overruled by the court, BRUBAKER, J., filing the following opinion :

" The learned auditor, it is plain to be seen from the reading of the report, has given the matter in contest covered by the exceptions in this case, careful consideration.    We do not see that he has erred either as to the finding of facts or as to his application of the principles of equity governing the transaction, for the purpose of reaching exact justice between the parties. There is nothing in the transaction to support the contention on the part of the lunatic widow, that the $1,000 received by her committee was intended as a gift to her.    The evidence on the contrary shows that it was paid, as the auditor told us, for the relief of the necessities of the widow, to give her every comfort in her helpless condition, while the contest was made for her against the inquisition of her lunacy, as well as for compelling her committee to take against the will of her husband.    It matters not whether the agreement between the committee and the heirs of the decedent was or was not predicated upon the committee's election to take under the will.    If Mr. Ryder, the committee, so received the $1,000, he ought, in justice, to pay it back, after having elected for her to take against the will. A very important maxim applies to this case, and one which lies at the foundation of many of the old doctrines in equity

that is, that 'equity looks upon that as done which ought to be done.' The act which chancery desires to be done is the same act as would have existed, had it been done when it was agreed to be done.

"We are therefore of the opinion that the auditor was correct in charging the share of Catharine Hambright, the widow of Henry A. Hambright, deceased, with the $1,000 received by her committee on April 19, 1893.

"All the exceptions are, therefore, dismissed, and the report is confirmed."

*Errors assigned* were in overruling exceptions to auditor's report.

*W. U. Hensel, J. Hay Brown* and *O. P. Bricker* with him, for appellant, cited: Hambelton's App., 102 Pa. 50.

*G. Ross Eshleman, D. G. Eshleman* with him, for appellees.

PER CURIAM, May 30, 1895:

All that need be said in vindication of the correctness of the decree, dismissing exceptions and confirming the report of the auditor, will be found in the opinion of the learned judge of the orphans' court sent up with the record. There is nothing in either of the specifications of error that requires further notice.

The decree is affirmed on said opinion, and the appeal is dismissed, with costs to be paid by appellants.